UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Crim. No. 20-113 (DSD/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| (1) Jose A. Felan, Jr., | |
| Defendant. | |

---

Emily Polachek, Esq., and Melinda A. Williams, Esq., United States Attorney's Office, counsel for Plaintiff.

Robert D. Sicoli, Esq., counsel for Defendant Felan, Jr.

---

This action is before the Court on various pretrial motions filed by Defendant and the Government. The parties agreed that no hearing was necessary and that the Court could rule on the motions based on the submissions filed. Based on the file and documents contained herein, along with the memoranda of counsel, the Court makes the following Order:

  1. **Defendant's Motion for Disclosure of Brady and Giglio Material.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it has complied and will continue to comply fully with its obligations under *Brady* and *Giglio*. Defendant's Motion for Disclosure of Brady and Giglio Material **(Doc. No. 60)** is **GRANTED** to the

extent it is not moot. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

2. **Defendant's Motion for Early Disclosure of Jencks Act Material.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, requesting disclosure of Jencks Act material 14 days before trial. The Government objects to court-ordered early disclosure of Jencks Act material. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 61)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntary reciprocal exchange of Jenks Act material with Defendant three days prior to trial as the Government has represented it would do.

3. **Defendant's Motion for Disclosure of 404(b) Evidence.** Defendant moves for disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and requests that the disclosure be made at least 14 days before trial. The Government represents that it will comply with Rule 404 and that it is agreeable to disclosure 14 days prior to trial. Defendant's Motion for Disclosure of 404(b) Evidence **(Doc. No. 62)** is **GRANTED** to

the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial.

4.  **Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G).** Defendant seeks an order requiring the Government to disclose a written summary of any expert testimony the Government intends to use at trial. The Government does not object to providing such information, but requests that the Court order reciprocal disclosures at least 30 days before trial, and the mutual disclosure of rebuttal experts two weeks before trial. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) **(Doc. No. 63)** is **GRANTED** to the extent that it conforms to the scope of Rule 16. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **14 days** before trial.

5.  **Defendant's Motion for Government Agents to Retain Rough Notes and Evidence.** Defendant moves for an order requiring law enforcement agents to retain and preserve all rough notes taken and evidence seized as part of their investigation into this case. The Government does not oppose the motion with respect to retention of notes, but does oppose disclosure. Defendant's Motion for Government Agents to Retain Rough Notes and Evidence **(Doc. No. 64)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

6.  **Defendant's Motion to Disclose and Make Informant Available to Interview.** Defendant moves to compel the Government to disclose the identity of any informants involved in this case, the prior criminal convictions of such informant(s), and

to make them available for an interview. The Government asserts that the informant privilege applies as to at least some of the informants. Defendant's Motion to Disclose and Make Informant Available to Interview (**Doc. No. 65**) is **GRANTED IN PART** and **DENIED IN PART**. To overcome the Government's privilege, a Defendant must establish beyond "mere speculation" that the informant's testimony would be material to the determination of the case. *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). The Government has represented that some of the individuals will not be called as witnesses at trial and therefore are not material to the case. With respect to those informants that the Government does intend to call at trial, the Government represents that it will disclose their identify to the defense at least seven days prior to trial. The Government shall continue to evaluate its informants and make any informant disclosures to the extent such disclosures are required pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), and subsequent pertinent case law, and shall continue to provide information as required by *Brady*, *Giglio*, and their progeny. To the extent that the Government intends to call an informant as a witness at trial, the Government must disclose the identity of that informant to the defense at least 7 days prior to trial.

7.   **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks

notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 **(Doc. No. 67)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **14 days** before trial.

**8.** The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge David S. Doty.

Date:  July 26, 2021

 *s/ Becky R. Thorson*
 BECKY R. THORSON
 United States Magistrate Judge
