UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-113(1) (DSD/BRT)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSE A. FELAN, JR.,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant JOSE A. FELAN, JR. (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter the "United States" or the "Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges.** The defendant agrees to plead guilty to Count One of the Superseding Indictment, which charges the defendant with Arson, in violation of 18 U.S.C. § 844(i). The defendant fully understands the nature and elements of the crime with which he has been charged. The government agrees that it will not charge the defendant with other crimes related to the conduct set forth herein, and at the time of sentencing, the government agrees to move to dismiss the remaining counts against the defendant.

2.    **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count One of the Superseding Indictment. In pleading guilty, the defendant

admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On or about May 28, 2020, the defendant Jose Felan maliciously damaged and destroyed, and attempted to damage and destroy, by means of fire, a building used in interstate or foreign commerce and in activity affecting interstate or foreign commerce, namely, the Goodwill retail store located at 1239 University Avenue West, in St. Paul, Minnesota. The defendant agrees that this arson was part of criminal conduct, at times undertaken with others, designed to maliciously damage or destroy the buildings by means of a fire. As additional conduct, the defendant agrees that, on that same night, the defendant set or attempted to set fire to two additional buildings on University Avenue in St. Paul—Gordon Parks High School at 1212 University Avenue West, St. Paul, Minnesota (Count 3) and 7 Mile Sportswear store at 590 University Avenue West, St. Paul, Minnesota (Count 4).

Following the arsons, on June 4, 2020, law enforcement released photographs of the defendant and his wife and co-defendant Mena Yousif, to the public, offering a reward for identity information. The defendant and Yousif fled the state of Minnesota to evade prosecution of Felan.

Over the course of the following week, Felan and Yousif traveled by car from Rochester, Minnesota, to Texas, where Felan had family. During their flight, Felan destroyed evidence related to the case in an attempt to obstruct justice, namely he

threw away his cellular phones. Ultimately, Felan and Yousif fled the United States and escaped to Mexico.

In February 2021, Felan and Yousif were arrested by Mexican law enforcement authorities and returned to the United States to face prosecution. Felan admits and agrees that he acted knowingly and intentionally when committing arson on May 28, 2020.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pre-trial motions in this case.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and

voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences.** The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The parties agree that Count One of the Superseding Indictment carries statutory penalties of:

    a. a mandatory minimum of 5 years' imprisonment;

    b. a maximum of 20 years' imprisonment;

    c. a supervised release term of not more than 3 years;

    d. a maximum fine of $250,000;

    e. mandatory restitution as agreed to by the parties in this agreement and to be ordered by the Court; and

    f. a mandatory special assessment of $100.

7. **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

4

a. <u>Base Offense Level</u>. The parties agree that the base offense level is 24 because the offense involved the attempted destruction of a place of public use. U.S.S.G. § 2K1.4(a)(1).

b. <u>Specific Offense Characteristics</u>. The parties agree that no specific offense characteristics apply.

c. <u>Chapter 3 Adjustments</u>. The parties agree that the offense level should be increased by 2 levels because the defendant willfully obstructed justice with respect to the investigation and prosecution of his offense of conviction and relevant conduct. U.S.S.G. § 3C1.1. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category IV. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based

5

on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

    f.    Guideline Range. With an adjusted offense level of 23, and a criminal history category of IV, the Sentencing Guidelines range is 70 to 87 months of imprisonment.

The defendant understands that his crime of conviction carries a **mandatory minimum sentence of five years (60 months) of imprisonment.** 18 U.S.C. § 844(i).

    g.    Fine Range. With the adjusted offense level of 23, the fine range is $20,000 to $200,000. U.S.S.G. § 5E1.2(c)(3).

    h.    Supervised Release. The Sentencing Guidelines require a term of supervised release of at least 1 year up to a maximum supervised release term of 3 years. U.S.S.G. § 5D1.2(a)(2)

8. **Revocation of Supervised Release.** The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

9. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history

6

category. The Court may also depart or vary from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departure or variance from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Restitution.** The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crimes. The defendant agrees, including under 18 U.S.C. § 3663A(a)(3), to pay restitution to all o his crimes and victims of his related conduct, regardless of whether that victim is

named in the count of conviction. The defendant agrees to pay the following in restitution:

**Gordon Parks High School Arson:** The defendant agrees that he owes restitution and agrees that the Court shall order him to pay as restitution all out-of-pocket expenses proven by a preponderance of the evidence.

**Goodwill Arson:** The defendant agrees that he owes restitution and agrees that the Court shall order him to pay restitution in the amount of $5,000 to Goodwill.

**7 Mile Sportswear Arson:** The defendant agrees that he owes restitution and agrees that the Court shall order him to pay as restitution all out-of-pocket expenses proven by a preponderance of the evidence.

The parties agree that, as outlined in 18 U.S.C. § 3664(f)(3)(B), the Court may direct the defendant to make nominal periodic payments if the Court finds from facts in the record proven by a preponderance of the evidence that the defendant's economic circumstances do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

13.     **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning,

and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement, agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets, and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of his violation of 18 U.S.C. § 844(i), and pursuant to 18 U.S.C. § 844(c) and 28 U.S.C. § 2461(c), any explosive materials involved, or used, or intended to be used, in that violation. The United States reserves its right to seek a money judgment forfeiture, to forfeit substitute assets, and to forfeit any additional directly forfeitable property.

15. **Venue Waiver.** Recognizing that the criminal conduct in this case occurred in the State and District of Minnesota, as well as in other states and districts in the United States, the defendant waives all rights to challenge venue in the State and District of Minnesota.

16. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the

defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 87 months of imprisonment, and an appeal by the government of the substantive reasonableness of a term of imprisonment below 70 months of imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

17.   **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552 and 552A.

18.  **Complete Agreement.** The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

CHARLES J. KOVATS
Acting United States Attorney

Date: 2/24/22

BY: EMILY M. POLACHEK
MELINDA A. WILLIAMS
Assistant United States Attorneys

Date: 2/17/22

JOSE A. FELAX, JR.,
Defendant

Date: 2/17/22

ROBERT D. SICOLI, ESQ.
Counsel for Defendant